**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lucio LERMA–LOPEZ, a.k.a. Ramon Corrales, a.k.a. Lucie Lena, a.k.a. Guadalupe Lerma, a.k.a. Rucio Lerma, a.k.a. Jose Lerman, a.k.a. Juan Lopez, a.k.a. Guadalupe Pena, Defendant–Appellant.**

**No. 11–10269.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.[*]

Filed Dec. 21, 2011.

Christina M. McCall, Assistant U.S. Attorney, Office of the U.S. Attorney, Oakland, CA, Barbara Valliere, Assistant U.S. Attorney, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Angela Milella Hansen, Assistant Federal Public Defender, Federal Public Defender, Oakland, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM [**]

Lucio Lerma–Lopez appeals from the 33–month sentence imposed following his guilty-plea conviction for illegal reentry

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lerma–Lopez contends that the district court procedurally erred by failing to interpret correctly the cultural assimilation Guideline, U.S.S.G. § 2L1.2 cmt. n. 8. This argument fails because, in declining to grant the departure based on Lerma–Lopez's significant criminal and deportation history, the court showed a correct understanding of the Guideline. *See* U.S.S.G. § 2L1.2 cmt. n. 8 (cultural assimilation downward departure should only be considered where it is "not likely to increase the risk to the public from further crimes of the defendant").

Lerma–Lopez also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the bottom-of-the-Guidelines sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**